**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

DANIEL RIGGS, *et al.*,

    Plaintiff,

v.

SCOTT DAVIS, *et al.*,

    Defendants.

Case No.: 3:24-cv-00443-ART-CLB

**ORDER**

[ECF No. 3]

## I. DISCUSSION

Plaintiffs Daniel Riggs and Bryan Harmer each filed an application to proceed *in forma pauperis* for inmates. (ECF Nos. 1, 3). However, Harmer subsequently filed an updated address indicating that he is no longer incarcerated. (ECF No. 11). The Court denies Harmer's application to proceed *in forma pauperis* for inmates as moot because he is no longer incarcerated. The Court now directs Harmer to file an application to proceed *in forma pauperis* by a non-prisoner or pay the full filing fee of $405 on or before **April 6, 2025**.[1]

The Court also notes that Under Rule 11 of the Federal Rules of Civil Procedure, a plaintiff who is not represented by counsel is required to sign any pleading, including the complaint. Fed. R. Civ. P. 11(a). Furthermore, *pro se* litigants have no authority to represent anyone other than themselves. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). As such, Harmer and Riggs will each be required to sign any pleading filed on his

---

[1] The Court notes that the Prison Litigation Reform Act ("PLRA") directs that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Because Riggs is still a prisoner, the PLRA applies to him, and he will be responsible for the full amount of the filing fee regardless of whether Harmer files an application to proceed *in forma pauperis* for non-prisoners or pays the $405 filing fee.

behalf. It is not clear whether it will be practical for Riggs and Harmer to proceed together in a single action now that Harmer has been released from custody. The Court defers a decision regarding joinder of the Plaintiffs. However, if either Plaintiff would prefer to proceed on his own, he may file a motion requesting that the Court sever this action into two separate cases.

## II.    CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Bryan Harmer's application to proceed *in forma pauperis* for inmates, (ECF No. 3), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that, by no later than **April 6, 2025**, Harmer will either: (1) file a fully complete application to proceed *in forma pauperis* for non-prisoners; or (2) pay the full filing fee of $405.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **SEND** Harmer the approved form application to proceed *in forma pauperis* by a non-prisoner, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

**IT IS FURTHER ORDERED** that, if Harmer fails to timely comply with this order, this action will be subject to dismissal without prejudice. A dismissal without prejudice allows Harmer to refile the case with the Court, under a new case number, when Harmer can file a complete application to proceed *in forma pauperis* for non-prisoners or pay the required filing fee.

**DATED THIS** 10th day of March 2025.

_____
**UNITED STATES MAGISTRATE JUDGE**