UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL RIGGS,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SCOTT DAVIS, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:24-CV-00443-ART-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF Nos. 32, 33, 38] |

Before the Court is Plaintiff Daniel Riggs's ("Riggs") motion for temporary restraining order and for preliminary injunction. (ECF Nos. 32, 33.)[2] Interested Party Nevada Department of Corrections ("NDOC") responded, (ECF No. 36), and Riggs replied, (ECF No. 39). Also before the Court is an unopposed motion for leave to file excess pages with respect to Riggs's reply. (ECF No. 38.) For the reasons stated below, the Court grants Riggs's motion for leave to file excess pages, (ECF No. 38), and recommends Riggs's motions for temporary restraining order and for preliminary injunction, (ECF Nos. 32, 33), be denied.

**I.　FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Riggs is an inmate currently in the custody of NDOC. Riggs sues Defendants James Dzurenda, Charles Daniels, Tim Garrett, Nethanjah Breitenbach, Kara LeGrand, Scott Davis, Lt. Preston, Lt. Clark, Lt. Harroun, Lt. Martin, Lt. Gentry, Senior CO Govea, Senior CO Etcheberry, Senior CO Wilcoxen, Senior CO Hensley, CO Martinez (collectively referred to as "Defendants") for alleged events that took place while Riggs was incarcerated at the Lovelock Correctional Center ("LCC"). (ECF No. 31 at 1.)

---

[1]　This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]　While filed as two separate motions, the filings are identical and will be addressed together.

Riggs's complaint asserts several claims under the Free Exercise and Establishment Clauses of the First Amendment, Equal Protection Clause of the Fourteenth Amendment, and Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. 2000cc ("RLUIPA") in relation to his ability to practice his Catholic faith at LCC. (*See id.*)

Riggs has now filed a motion for temporary restraining order and preliminary injunction alleging the change in the LCC Chapel schedule amounts to an impermissible infringement on his religious rights. (ECF Nos. 32, 33.) Specifically, Riggs requests an order requiring the NDOC to provide chapel for Sunday Mass for the Catholic offenders. Additionally, Riggs requests Thursday afternoon and evening access to the Chapel. Finally, Riggs requests the Court order access to the Chapel on Friday, August 15 for the Feast Day of the Assumption of the Virgin Mary.

Riggs also requests this Court order the NDOC to make the Chapel available on Sunday to the Latter-day Saint offenders, in addition to music practice and bible study on Mondays and Tuesdays. Riggs requests an order of the Court that offenders can attend all three services without the necessity to kite or sign up for the services. (*Id.*)

## II.  LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 9 (2008) (quotation marks and citation omitted). A motion for preliminary injunction requires the Court determine whether the plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is

likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See id.* at 20 (citations omitted).

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984); *see also Comm. of Cent. Am. Refugees v. Immigr. & Naturalization Serv.*, 795 F.2d 1434, 1442 (9th Cir. 1986). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or serious damage will result. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979)).

Finally, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, section 3626(a)(2) limits the Court's power to grant preliminary injunctive relief to inmates. *Gilmore v. California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)(2) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

///

Where the motion for preliminary injunction is related to new allegations of misconduct—distinct from the allegations at issue in the complaint—such a motion must be denied. *See, e.g.*, *Padilla v. Nevada*, No. 2:08-cv-410-LRH-RAM, 2011 WL 2746653, at *8 (D. Nev. June 3, 2011) (denying request for preliminary injunction unrelated to claims in the complaint); *Mitchell v. Haviland*, No. 2:09-cv-3012-JAM-KJN, 2014 WL 458218, at *2 (E.D. Ca. February 4, 2014) (denying motion for preliminary injunction where the conduct asserted in the motions is based on new assertions of misconduct unrelated to the acts of misconduct asserted in the complaint); *Burton v. Paramo*, No. 3:17-cv-1953-BEN-KSC, 2017 WL 6048805, at *4 (S.D. Ca. Dec. 5, 2017) (denying motion for preliminary injunction seeking injunction claimed retaliation for bringing underlying lawsuit because those acts were separate from claims asserted within the complaint itself.)

A preliminary injunction is an extraordinary remedy never awarded as of right. *Winters*, 555 U.S. at 24. Therefore, as a threshold matter, the court lacks authority to issue injunctive relief when there is no "relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Thus, the moving party must establish there is a sufficient nexus between the claims raised by the injunctive relief motion and the conduct asserted in the underlying complaint. *Id*.

### III.   DISCUSSION

Riggs's motion for temporary restraining order and preliminary injunction requests an order requiring the NDOC to change the LCC Chapel schedule to provide additional access to the Chapel for Catholic and LDS practitioners. (ECF Nos. 32, 33.) Riggs also specifically requests the Court order access to the Chapel on Friday, August 15, 2025, for the Feast Day of the Assumption of the Virgin Mary. (*Id.*)

///

///

### A. Chapel Access for Feast Day of the Assumption of the Virgin Mary

First, Riggs's request with respect to Chapel access for the Feast Day of the Assumption of the Virgin Mary, which was on Friday, August 15, 2025, is moot. A case is moot when it has "lost its character as a present, live controversy of the kind that must exist if [the court is] to avoid advisory opinions on abstract propositions of law." *Oregon v. FERC*, 636 F.3d 1203, 1206 (9th Cir. 2011) (per curiam). Here, the date for which Riggs requested access to the chapel has past and thus the Court cannot order any injunctive relief. Accordingly, the Court recommends Riggs's motions for temporary restraining order and for preliminary injunction with respect to this request be denied as moot.

### B. Changes to LCC Chapel Schedule

Next, Riggs is requesting a mandatory, as opposed to prohibitory, injunction that the Court order the Defendants to make changes to the LCC Chapel schedule—which has been changed repeatedly due to other litigation. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) ("This relief is treated as a mandatory injunction, because it 'orders a responsible party to 'take action.'") (citation omitted). Therefore, the standard for granting the mandatory preliminary injunction requested here is much higher than for a prohibitory injunction and will not to be granted unless both the facts and the law clearly favor the moving party and extreme or serious damage will result. *See Garcia*, 786 F.3d at 740 (citations omitted). The Court will address whether the facts and the law clearly favor a showing of a substantial burden on Riggs's religious exercise and whether extreme or serious damage will result to Riggs if a mandatory injunction is not granted.

#### 1. Likelihood of Success on the Merits of Claims

RLIUPA provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution…even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). RLUIPA is "more generous to the religiously observant than the Free Exercise Clause." *Jones v. Slade*, 23 F.4th 1124, 1139 (9th Cir. 2022) (citations omitted).

"The Supreme Court has recognized RLUIPA as…[a] 'congressional effort[] to accord religious exercise heightened protection from government-imposed burdens[.]'" *Greene v. Solano Cnty. Jail*, 513 F.3d 982, 986 (9th Cir. 2008) (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 714 (2005)). "As such, RLUIPA is to be 'construed broadly in favor of protecting an inmate's right to exercise his religious beliefs.'" *Jones*, 23 F.4th at 1140 (quoting *Warsolider v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005)); *see also Johnson v. Baker*, 23 F.4th 1209, 1214 (9th Cir. 2022) (citation omitted). However, "[c]ourts are expected to apply RLUIPA's standard with due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." *Hartmann v. Cal. Dep't. of Corr.*, 707 F.3d 1114, 1124 (9th Cir. 2013) (internal quotation marks and citation omitted).

"Under RLUIPA, the challenging party bears the initial burden of proving that his religious exercise is grounded in a sincerely held religious belief …, and that the government's action substantially burdens his religious exercise." *Holt v. Hobbs*, 574 U.S. 352, 360-61 (2015) (citations omitted); *see also Jones*, 23 F.4th at 1140; *Johnson*, 23 F.4th at 1214.

If the plaintiff makes a showing of a substantial burden on the exercise of his religion, the court's analysis then turns to whether the defendant has established that the burden furthers "a compelling governmental interest," and does so "by the least restrictive means." 42 U.S.C. § 2000cc-1(a), (b); *Holt*, 574 U.S. at 362 (citation omitted); *Jones*, 23 F.4th at 1141 (citations omitted); *Greene*, 513 F.3d at 988.

Again, as Riggs requests a mandatory preliminary injunction, the motion will not be granted unless both the facts and the law *clearly* favor Riggs. *See Garcia*, 786 F.3d at 740 (citations omitted). The Court will address whether the facts and law clearly show

that the LCC Chapel schedule places a substantial burden on Riggs's ability to exercise his religious beliefs, and if so, whether NDOC has established that the burden furthers a compelling governmental interest by the least restrictive means.

### i. Substantial Burden

Defendants do not necessarily dispute that the LCC Chapel schedule placed a substantial burden on Riggs's ability to practice his religious beliefs, so the Court will not focus on this element and will move to whether NDOC and LCC have a compelling governmental interest in the Chapel schedule, and whether it is the least restrictive means of address this interest.

### ii. Compelling Interests and Least Restrictive Means

The standard for showing a "compelling interest" is an "exceptionally demanding" standard, which requires the government to "sho[w] that it lacks other means of achieving its desired goal without imposing a substantial burden on the exercise of religion by the objecting part[y]." *Holt*, 574 U.S. at 364-65 (internal citation and quotation marks omitted). "Although RLUIPA adopts a compelling interest standard, context matters in the application of the standard, and courts should act with 'due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources.'" *Jones*, 23 F.4th at 1141 (quoting *Cutter*, 544 U.S. at 723).

As NDOC asserts, the LCC Chapel schedule has been the subject of various litigation over the past few years. (*See* ECF No. 36 at 4-5, 9.) Prior to changes to the Chapel schedule, faith groups were not treated fairly and equitably. In its current iteration, all faith groups have no more than 2 activities scheduled per week, this includes the Catholics and LDS groups who have two activities per week. (*Id.* at 4-5; ECF No. 36-5; ECF No. 36-1.)

Riggs's motions are requesting more chapel time for Catholics and LDS faiths than other faith groups. However, Riggs does not show that the current Chapel has a tendency to coerce Riggs into acting contrary to his religious beliefs or exert substantial pressure

on Riggs to modify his behavior and to violate his beliefs." *See Jones*, 791 F.3d at 1031-32. NDOC asserts the Chapel schedule was implemented as the least restrictive means of accommodating all recognized Faith Groups while considering the different security tiers and protective custody status and was developed in part due to litigation with respect to the LCC Chapel schedule. Thus, NDOC demonstrates it has meaningfully "considered and rejected the efficacy of less restrictive measures before adopting the challenged practice" i.e., the current iteration of the Chapel schedule. *Warsoldier*, 418 F.3d at 999 (citation omitted). Thus, the Court does not find that Riggs has shown a likelihood of success on the merits of his claims and finds the motions should be denied on this basis.

### 2. Irreparable Harm

In the context of a mandatory preliminary injunction, Riggs must also show that extreme or very serious harm will occur if an injunction is not issued. *Anderson*, 612 F.2d at 1115 (citations omitted) (emphasis added). As such, "[t]here must be a 'sufficient causal connection' between the alleged irreparable harm and the activity to be enjoined and showing that 'the requested injunction would forestall' the irreparable harm qualifies as such a connection." *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 886 F.3d 803, 819 (9th Cir. 2018) (citing *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 981-82 (9th Cir. 2011)).

Here, Riggs has not demonstrated how he will suffer irreparable harm should the requested chapel schedule not be implemented immediately. Riggs is still able to attend services scheduled for his faith groups or faith groups of similar beliefs. *See, e.g.*, AR 810.3(12)(E)(5). Therefore, the causal connection between the alleged irreparable harm and the relief sought is insufficient. *Nat'l Wildlife Fed'n.*, 886 F.3d at 819 (citations omitted). Due to the high standard for showing irreparable harm in the absence of a mandatory preliminary injunction, the Court finds that Riggs does not meet his burden.

Accordingly, the Court recommends Riggs's motions for temporary restraining order and for preliminary injunction be denied.

///

## IV. CONCLUSION

Consistent with the above, the Court grants Riggs's motion for leave to file excess pages, (ECF No. 38), and recommends Riggs's motions for temporary restraining order and for preliminary injunction, (ECF Nos. 32, 33), be denied.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION AND ORDER

**IT IS THEREFORE RECOMMENDED** that Riggs's motions for temporary restraining order and for preliminary injunction, (ECF Nos. 32, 33), be **DENIED**.

**IT IS FURTHER ORDERED** that Riggs's motion for leave to file excess pages, (ECF No. 38), is **GRANTED**.

**DATED**: August 28, 2025

_____
UNITED STATES MAGISTRATE JUDGE