UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DANIEL RIGGS,

    Plaintiff,

v.

SCOTT DAVIS, et al.,

    Defendants.

Case No. 3:24-cv-00443-ART-CLB

ORDER

On July 17, 2025, the Court issued an order screening Plaintiff Daniel Riggs' first amended complaint, allowing several colorable claims to proceed, and staying this case for 90 days to give the parties an opportunity to settle with the help of the Court's Inmate Early Mediation ("IEM") Program. (ECF No. 34.) Mediation is currently set for October 14, 2025. (ECF No. 40.) At the time of the screening order, however, Plaintiff also had a pending motion for a temporary restraining order and preliminary injunction. (ECF Nos. 32/33.) The Court stated that this motion would be addressed in a separate order. (ECF No. 34 at 1, 20, 23.) The Magistrate Judge then ordered briefing on this motion (ECF No. 35), the Nevada Department of Corrections ("NDOC") filed a response (ECF No. 36), and Plaintiff filed a reply. (ECF No. 39.) On August 28, 2025, the Magistrate Judge issued a Report and Recommendation, recommending denial of Plaintiff's motion for injunctive relief. (ECF No. 41.) Plaintiff has now filed objections to the Report and Recommendation (ECF No. 42), along with a motion to stay the mediation until the Court rules on the Report and Recommendation. (ECF No. 43.)

Plaintiff's motion to stay the mediation (ECF No. 43) is denied. The Court's IEM Program is intended to facilitate meaningful settlement discussions at the early stage of cases where inmates are representing themselves. Plaintiff argues that staying the mediation is appropriate because a settlement will be more likely

after the Court rules on the Report and Recommendation. (*See id.*) In the Court's experience, however, that is not necessarily the case—parties can and do utilize the IEM Program to reach settlements in cases where a plaintiff's motion for injunctive relief is pending. And even if this case does not settle as a result of the mediation itself, the mediation process may nonetheless give the parties useful insight to apply going forward. Plaintiff, therefore, has not shown good cause to stay the mediation. The mediation is currently set for October 14, 2025, before an experienced and impartial mediator, and although Plaintiff is not required to come to any agreement with Defendants during the mediation, he must participate in the mediation process in good faith.

As for Plaintiff's objections to the Report and Recommendation, the NDOC may file a response to Plaintiff's objections by September 17, 2025, and Plaintiff will have 7 days from the date of any response to file an optional reply. After this briefing period has passed, the Court will issue a ruling on the Report and Recommendation as soon as practicable.

It is therefore ordered that Plaintiff's motion to stay the mediation until the Court rules on the Report and Recommendation (ECF No. 43) is denied.

It is further ordered that mediation remains set for October 14, 2025.

DATED: September 5, 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE